UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.                                                    No. 01-4709

ANTHONY SHAWN DALE BERRY,
           *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
David A. Faber, District Judge.
(CR-00-185)

Submitted: May 8, 2002

Decided: July 10, 2002

Before WIDENER, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

David C. Smith, SMITH & SCANTLEBURY, L.C., Bluefield, West Virginia, for Appellant. Kasey Warner, United States Attorney, Monica K. Schwartz, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Anthony Shawn Dale Berry pled guilty to conspiracy to distribute various Schedule II and III controlled substances, in violation of 21 U.S.C. § 846 (1994). Berry's attorney has filed a brief citing *Anders v. California*, 386 U.S. 738 (1967), contending the district court improperly sentenced Berry, but stating that, in his view, there are no meritorious issues for appeal. Berry was informed of his right to file a pro se supplemental brief but has not done so.

Berry presents three issues for consideration. First, he contends the district court erred in refusing to depart downward based on the disparity between his sentence and a co-defendant's sentence. We do not review a district court's refusal to grant a downward departure unless the court erroneously believed that it lacked the authority to depart. *See United States v. Bayerle*, 898 F.2d 28, 30-31 (4th Cir. 1990). We find the district court recognized its authority to grant Berry's motion, but declined to do so under the circumstances. Therefore, we will not review this claim.

Second, Berry argues the district court erred in applying a two-level enhancement to Berry's sentence pursuant to *United States Sentencing Guidelines Manual* § 3B1.1(c) for his role in the offense. We review for clear error. *United States v. Perkins*, 108 F.3d 512, 518 (4th Cir. 1997). We find the district court did not clearly err in applying a two-level enhancement for Berry's role in the offense.

Finally, Berry contends the district court abused its discretion in ordering his federal sentence to run consecutively to his prior undischarged state sentences. We find no abuse of discretion. *See* 18 U.S.C. § 3584(a) (1994); *United States v. Puckett*, 61 F.3d 1092, 1097 (4th Cir. 1995).

In accordance with *Anders*, we have reviewed the entire record and find no meritorious issues for appeal. We therefore affirm Berry's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the

United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*